PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

# IN THE UNITED STATES DISTRICT COURT

FOR THE *SOUTHERN* DISTRICT OF TEXAS

*CORPUS CHRISTI* Division

United States District Cour
Southern District of Texas
FILED

AUG 1 9 2002

MICHAEL N. MILBY CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS BY A
## PERSON IN STATE CUSTODY

B 02-174

*Guadalupe Pérez*
PETITIONER
(Full name of Petitioner)

*Willacy State Jail*
CURRENT PLACE OF CONFINEMENT

*1007396*
PRISONER ID NUMBER

vs.

*Jaine Cockrell*
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

C 02_361
CASE NUMBER
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail <u>the original and two copies</u> to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody.  A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library.  You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

---

## PETITION

<u>What are you challenging?</u>  (Check <u>only</u> one)

- ☑ A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-23)
      probation or deferred-adjudication probation
- ☐ A parole revocation proceeding.        (Answer Questions 1-4, 13-14, & 20-23)
- ☐ A disciplinary proceeding.        (Answer Questions 1-4, 15-19 & 20-23)

<u>All petitioners must answer questions 1-4:</u>

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    *103rd. Judical District ; Cameron County*

2.  Date of judgment of conviction:  *9-11-00*

3.  Length of sentence:  *14 years*

4.  Nature of offense and docket number (if known):  *Intoxication Assault-2 Counts and Enhancement ; #00-CR-524-E*

<u>Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:</u>

5.  What was your plea? (Check one)

    ☐ Not Guilty        ☑ Guilty        ☐ Nolo contendere

6.  Kind of trial: (Check one)    ☐ Jury        ☑ Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7.  Did you testify at the trial?  ☐ _ Yes    ☑ ✓ No

8.  Did you appeal the judgment of conviction?  ☑ ✓ Yes    ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal?

*13th. Court of Appeals* Cause Number (if known) *13-01-00525-CR*

What was the result of your direct appeal (affirmed, modified or reversed): *Dismissed For Want of Jurisdiction.*

What was the date of that decision? *October 25, 2001*

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: *Refused*

Date of result: *03-06-02*  Cause Number (if known): *2280-01*

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: *N/A*

Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☑ ✓ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

Name of court: *Court of Criminal Appeals, Austin, Tx.*

Nature of proceeding: *dismissed, Because 2 Direct Appeal was Pending*

Cause number (if known): *52,053-01*

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

*March 21, 2002*

Grounds raised: *Double Jeopardy; Ineffective Counsel; Illegal Sentence; Defective Indictment;*

- 3 -

CONTINUED ON NEXT PAGE

Date of final decision: _May 22, 2002_

Name of court that issued the final decision: _Court of Criminal Appeals of Texas; Austin, Tex._

As to any _second_ petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you **filed** the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐  Yes        ☒  No

(a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: _N/A_

_____

(b)    Give the date and length of the sentence to be served in the future: _N/A_

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐  Yes        ☒  No

**CONTINUED ON NEXT PAGE**

**Parole Revocation:**

13.   Date and location of your parole revocation: _____ *N/A* _____

14.   Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

☐   Yes          ☑   No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.   For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes          ☑ No

16.   Are you eligible for mandatory supervised release?          ☑ Yes          ☐ No

17.   Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

_____ *N/A* _____

Disciplinary case number: _____

18.   Date you were found guilty of the disciplinary violation: _____ *N/A* _____

Did you lose previously earned good-time credits?          ☐ Yes          ☑ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

_____ *N/A* _____

19.   Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐   Yes          ☑   No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: _____

_____

Date of Result: _____

Step 2 Result: _____

_____

CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20.   State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
<u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
<u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS.</u>  Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

**CONTINUED ON NEXT PAGE**

A. **GROUND ONE:** *Conviction obtained by a violation of the protection against Double Jeopardy.*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

*Defendant was first charged and brought to Court on a lesser charge, where lesser charge was dropped, in order to be Indicted with a higher charge. First Defendant's Drivers License was Suspended and a Fine was*

Continue on Separte Page

B. **GROUND TWO:** *Denial of Effective Assistance of Counsel.*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

*That as a result of Ineffective Appointed Counsel, Defendant was robbed of the Due Process and Equal Protection as well as Basic Constitutional Rights pursuant to the 1st, 4th, 5th, 6th, 7th, 8th, 13th, and 14th. Amendments*

Continue on Separte Page

C. **GROUND THREE:** _____

*Illegal Sentence*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

*Sentence was illegal since Convictions used for enhancing punishment and Conviction were Void where judgment was set aside by Virtue of a Writ of Habeas Corpus based upon a fatally defective*

CONTINUED ON NEXT PAGE

Continue on Separte Page.

D.    **GROUND FOUR:** _Invalid or Defective_
_Indictment_

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_Defendant was tried and sentence on_
_a defective indictment where a prior Con-_
_viction based upon a fatally defective_
_Indictment was used for enhancing De-_
_fendant's Punishment and Conviction, See:_
_Continue on Separte Page_

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐    Yes            ☑    No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐    Yes            ☑    No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

**CONTINUED ON NEXT PAGE**

23.   Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐   Yes          ☑   No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____ N/A _____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

"NO Attorney"
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

August 3rd, 2002 (month, date, year).

Executed on   8-03-02   (date).

Guadalupe Perez
Signature of Petitioner (required)

Petitioner's current address: _____

Willacy State Jail ; 1695 South Buffalo Drive ; Raymondville, Texas -- 78580

- 9 -

<u>Petition For Writ of Habeas Corpus</u>
<u>28 USC § 2254</u>

In The United States District Court
For The <u>Southern</u> District of Texas
<u>Brownsville</u>          Division

Continue from page <u>3</u> Question No. <u>11</u>
<u>GROUNDS RAISED</u>

Grounds  No. 5. Violation of Statue of Limit-
ations.
6. Violation of Speedy Trial
7. Denial Assistance of Con
Counsel on Appeal

Continue from page <u>7</u>
<u>GROUNDS OF ERROR</u>

Grounds 1-7 will continue from page 7
and 8 on the following pages.

03-02

ound #1.:                          Double Jeopardy

imposed in Connection to the same offense
on a different occassion without Due Process
of Law. In Ex Parte Fortune, 797 s.w. 2d
929 (Tex. Crim. App. 1990).

Multiple Convictions may not be had
from a single indictment, or charge, regardless
of whether the offense arose out of the
same or different transactions.

The Fifth Amendment provides in relevant
part: "[N]or shall any person be subject
to the same offense to be twice put in
jeopardy of life or limb." The Double
Jeopardy Clause serves three primary
purposes:

1.) it protects against a second prose-
cution for the same offense after
aquittal;

2.) it protects against a second prose-
cution for the same offense after
Conviction; and

3.) it protects against multiple punish-
ments for the same offense.

As in the case of the Fifth Amend-
ment Double Jeopardy Clause of the Fed-
eral Constitution, Article 1, Section 14 of the
Texas Constitution, protects a defendant in
a Criminal proceeding against multiple
punishments or repeated prosecutions for

1

the same offense. *Zimmerman V. State*, 750 S.w. 2d 194 (Tex. Cr. App. 1988), and cases cited therein.

The _5th. Amendment of The United States Constitutional_ protection against double jeopardy embodies two related safeguards :

1. It precludes the government from twice trying an accused for the same offense; and

2. It protects the accused from being twice forced to establish the indentical factual assertion, albeit in the context of a different offense.

In _State V. Torres_, 805 S.w. 2d 418 (Tex. Ct. App. 1991) Tex Const. Art. 1, Section 14 Provides :

"No person for the same offense shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction. The legislature incorporated this protection, verabatim, into the Code of Criminal Procedure, See: Tex. Code Crim. Proc. Ann. art. 1.10.

_Mr. Justice Stewart_ delivered the Opinion of the Court: Ashe V. Swenson, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S.ct. 1189 (1970).

2

The Double Jeopardy Clause is a guarantee "that the State with all its resources and power [shall] not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity...." Green V. United States, 335 U.S. 184, 187 (1957). This guarantee is expressed as a prohibition against multiple prosecutions for the "same Offense."

Ground #2: Denial Effective Assistance of Counsel

to the United States Constitution, Article I, Sec. 1.0, 19 and 29 of the Texas Constitution and Article 1.05 of Texas Code of Criminal Procedure. See: Strickland V. Washington, 104 S.Ct. 1052 (ineffective Counsel); Ex Parte Lilly, 656 S.W. 2d 480 (Tex. Crim. App. 1983); Walker V. Caldwell, 476 F. 2d (5th. Cir. 1973); Ex Parte Duffy, 607 S.W. 2d 507 (Tex. Crim. App. 1980); Ex Parte Ybarra, 629 S.W. 2d 943 (Tex. Crim. App. 1982).
    As in Ex Parte Duffy, 607 S.W. 2d 507 (Tex. Crim. App. 1980). A criminal defense lawyer must have a firm command of the facts of the case as well as governing law before he

3

Can render reasonably effective assistance to his client in or out of the courtroom. Flores V. State, 576 S.W. 2d 632, 634 (Tex. Cr. App. 1978); Ex Parte Ewing, supra at 947; See also Herring V. Estelle, 491 F. 2d 125, 128 (5th. Cir. 1974); Caraway V. Beto, 421 F. 2d 636, 637 (5th. Cir. 1970); Williams V. Beto, 345 F. 2d 698, 705 (5th. Cir. 1965); In the seminal decision of Powell V. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed 158 (1932), The Supreme Court recognized that a through factual investigation is the foundation upon which effective assistance of Counsel is built.

An American Bar Association Project echoes these sentiments in proposing that:

Defense Counsel has the responsibility to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's information or statements to the lawyer, of facts constituting guilt or his stated desire to plead guilty.

The Court recently reiterated that regardless of complications in a given case, Counsel is charged with making an independant investigation of the facts of the case, Flores V. State, supra, eschewing wholesale reliance in the veracity of his clients version of the facts, Ex Parte Ewing, supra, at 947. See also Rumme V. Estelle, 590 F. 2d 103, 104 (5th. Cir. 1979) affd. on other grounds, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (Counsel must make an independent examination of the facts, circumstances, pleadings, and laws involved). cont' on page 9

A corollary of this notion is that counsel also has a responsibility to seek out and interview potential witnesses, See, e.g., Davis V. Alabama, 596 F. 2d 1214, 1217 (5th. Cir. 1979), Harris V. Estelle, 487 F. 2d 1293, 1299 (5th. Cir. 1974), Williams V. Beto, supra at 702-703, and failure to do so is to be ineffective, if not incompetent, where the consequence is that the only viable defense available to the accused is not advanced. See Brooks V. Texas, 381 F. 2d 619, 625 (5th. Cir. 1967) and Smotherman V. Beto, 276 F. Supp. 579, 590 (N.D. Tex. 1967).

It is well settled that an attorney has a professional duty to present all available evidence and arguments to support the defense of his client. Thomas V. State, 550 S.W. 2d 64, 68

(Tex. Cr. App. 1997).

In *McMann V. Richardson*, supra, the Supreme Court insisted, "[I]f the right to counsel [as] guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel..." 397 U.S. 759, 771, 90 S.Ct. at 1449, 25 L.Ed 2d at 773.

A decade before, Judge Davidson for the Court presaged this sentiment when he wrote:
"[W]hen from the entire record is apparent that the accused has not been adequately represented, the Court should have no hesitancy in so saying." *Rodriguez V. State*, 340 S.W. 2d 61, 63 (Tex. Cr. App. 1960).

*Ex Parte Ybarra*, 629 S.W. 2d 943 (Tex. Crim. App. 1960). A natural consequence to seek out and interview potential witnesses, See e.g., *Davis V. Alabama*, 596 F. 2d 1214, 1217 (C.A. 5 1979); *Harris V. Estelle*, 487 F. 2d 1293, 1299 (C.A. 5 1974); *Williams V. Beto*, 354 F. 2d 698, 702-703 and failure to do so is to be ineffective, if not incompetent, where the result is that any viable defense available to the accused is not advanced. See *Ex Parte Duffy*, supra, *Brooks V. Texas*, 381 F. 2d 619, 625 (C.A. 5 1967). "It is not enough to assume that counsel

thus precipitated into the case, though there was no defense, and exercised their best judgment in proceeding to trial without preparation. Neither they nor the Court could say what a prompt and through going investigation might disclose as to the facts. NO attempt was made to investigate."

As this court recently reiterated in Ex Parte Duffy, 607 s.w. 2d at 517 regardless of the complications in a particular case, counsel is charge with making an independant investigation of the facts of the case, Flores v. State, supra, eschewing wholesale reliance in the veracity of his clients version of the facts, Ex Parte Ewing, supra, at 977. See also Rummel v. Estelle, 590 F. 2d 103, 104 (CA.5 1979) affd. on other grounds, 445 U. S. 263, 100 s.ct. 1133, 63 LEd 2d 382 (1980) (counsel must make an independant examination of the facts, circumstances, pleadings and laws involved).

Ex Parte Lilly, 656 s.w. 2d 490 (Tex. Crim. App. 1983). Counsel was ineffective where he did not consult with defendant, did not review prosecutor's file, had not conducted an independent investigation, had not interviewed the State's witnesses, and had not properly reviewed the enhancement allegations.

Just as in Ex Parte Lilly Attorney, Jaime M. Diez, for the Defendant Guadalupe Perez Cause No. 00-CR-524-D, did not do any of the above Mention Nor did he investigated the scene of the accident Nor was he present during the Defendant's Pre-Sentencing Investigation Report (P.S.I.R.). As in the case of Moore V. Wolff, 495 F.(2d) 35 (8th. Cir. 1974).

His Argument before the United States Court of Appeals on Habeas Corpus, was that his oral incriminating statements made after appointment of Counsel but without Counsel present were used against him at trial in Violation of the Sixth Amendment right to Counsel.

The defendant did not challenge the evidence that he received Miranda warnings or that he Voluntarily made the oral incriminating statements. He argued however, that after the appointment of Counsel, no interrogation can take place without Counsel being in fact notified and given an opportunity to be present. Some of the doubts that have existed since the Massiah case were answered by the Court's ruling that:

If an accused can Voluntarily, Knowingly and intelligently waive his right to Counsel before one has been appointed, there seems no

Compelling reason to hold that he may not voluntarily, knowingly, and intelligently waive his right to have counsel present at an interrogation after counsel has been appointed. Of course, the Government will have a heavy burden to show that the waiver was knowingly and intelligently made, but we perceive no compelling reason to adopt the per-se rule advocated by the Petitioner. But as in Powell V. Alabama 287 U.S. 45, 77 L.Ed (2d) 158, 53 s.ct. 55 (1932). Mr. Justice Sutherland observed:

"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally of determing for himself whether the indictment is good or bad. He is unfamilar with the rules of evidence, Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel...."

round #3                    _Illegal Sentence_

indictment(s), thus making it unavailable for
enhancing defendant's punishment, and upgrading
defendant's degree of felony to a higher level.
As stated in: _Ex Parte Hodges_, 921 s.w. 2d 239
(Tex. Cr. App. 1996); _Ex Parte Robert Thomas Miller_,
921 s.w. 2d 239 (Tex. Cr. App. 1996); _Heath V. State_,
817 s.w. 2d 335 (Tex. Cr. App. 1991), and _Ex Parte
Beck_, 922 s.w. 2d 181 (Tex. Cr. App. 1996); _State V.
Mancuso_, 919 s.w. 2d 86 (Tex. Cr. App. 1996).
      In _Ex Parte Robert Thomas Miller_,
      921 s.w. 2d 239 (Tex. Cr. App. 1996)
Applicant contends, inter alia, that the punish-
ment assessed exceeds the statutory maximum.
" We have long held that a defect which
renders a sentence void may be raised at any
time." _Heath V. State_, 817 s.w. 2d 335, 336 (Tex.
Cr. App. 1991). See also _Ex Parte McIver_, 586 s.w.
2d 851, 854 (Tex. Cr. App. 1979) (Habeas Corpus re-
lief will issue to a person in custody under a
sentence which is void because the punishment
is unauthorized), _Ex Parte Harris_ 495 s.w. 2d 231,
232 (Tex. Cr. App. 1973) and _Ex Parte White_, 659 s.w. 2d
434, 435 (Tex. Cr. App. 1983). Applicant was convicted
of a state jail felony, then enchanced as an
habitual offender under V.T.C.A. Penal Code
section 12.42 (d).

round #4:          Invalid or Defective Indictment

671 S.w. 2d 510(Tex. Crim. App. 1984); Ex Parte Garcia,
578 S.w. 2d 141 (Tex. Ct. App. 1979); Burney V. State, 614
S.w. 2d 834 (Tex. Crim. App. 1981); Ex Parte Rivers,
557 S.w. 2d 657(Tex. ct. App.); White V. State,
587 S.w. 2d 114(Tex. Cr. App.)

    As stated in Vernon's T.C.A. Penal Code
Section 49.09(e); A conviction may not be used
for purposes of enhancement under this sec-
tion if : (1) the conviction was a final con-
viction under subsection(e) and was for an
offense committed more than 10 years before
the offense for which the person is being
tried was committed.

    As in the case of Ex Parte John M.
Cashman, 671 S.w. 2d 510.  Defendant, Guadalupe
Perez, T.D.C.J. #1007396, Cause #00-CR-524-D,
is Now providing this Court with a hand
written copy of the void conviction's Opinion.

Ex Parte Guadalupe Huerta Pérez, No. 68,395
Habeas Corpus Application From Cameron County.

OPINION

    This is an application for a post-conviction
writ of habeas corpus which was submitted
to this court by the trial court pursuant to

the provisions of Art. 11.07 V.A.C.C.P..

Petitioner was convicted of the offense of delivery of Cocaine, a controlled substance, in Cause No. 78-CR-453-B in the 138th Judicial District Court of Cameron County. Punishment was assessed at imprisonment for 8 years.

Petitioner contends that the indictment in this case is fundamentally defective, indictment is subject to collateral attack, Ex Parte Charles, 582 S.W. 2d 836 (Tex. Cr. App. 1979).

On the date alleged and proved, Cocaine was not specifically named in a penalty group of the Controlled Substances Act, Art. 4476-15, V. A.C.S. Therefore the indictment failed to state an offense. Crowl V. State, 611 S.W. 2d 59 (Tex. Cr. App. 1980); Taylor V. State, 610 S.W. 2d 471 (Tex. Cr. App. 1981); and Ex Parte Wong, 612 S.W. 2d 548 (Tex. Cr. App. 1981). Petitioner is thus entitled to relief.

Accordingly, the judgment of conviction set forth above is set aside and the indictment is ordered dismissed. Petitioner is ordered discharged from all further confinement under this conviction. A copy of this opinion will be sent to the Texas Department of Corrections.

Per Curim

Delivered July 22, 1981
En Banc

## ~ound #5:   Violation of Statue of Limitations.

The Statue of Limitations was Violated, by the State of Texas, when the void prior Convictions used for enhancing Defendant's Punishment and Conviction were way passed the ten (10) years limitte; An offense Committed more then ten years before the offense for which the person is being tried, may not be used.

In Ex Parte Jean Matthews, 873 s.w. 2d 40 (Tex. Cr. App. 1994); Habeas Corpus key 274,275.1 Statue providing that irregularities in indictments and informations Could not be raised on Appeal or in any other post-Conviction proceeding unless first raised in trial, did not preclude challenge to indictment based upon statue of limitations, raised by pretrial habeas Corpus proceeding. Vernon's Ann. Texas C.C.P. arts. 1.14, 12.05 (a). See also Limitation and Venue Article 12.01 (4) (c) (6); See also Renshaw V. State, 981 s.w. 2d 464 (Tex. App. - Texarkana 1998).

## ~ound #6:   Violation of Speedy Trial

Constitutional right to speedy trial — In general, An accused person in Texas is guaranteed, two constitutional speedy trial rights: A Federal Const., Amend. 6 which is

applicable to the States through U.S.C.A. Const. Amend. 14 and a right under Const. Art. 1, sec. 10.

"Where criminal action commences for speedy trial purposes when indictment against defendant for felony offense is filed in Court or when defendant is arrested for the offense whichever occurs first."

Defendant Guadalupe Pérez, was not brought to trial nor was indicted until a year later, from the commission of the offense; Thus violating the 6th, and 14th, Amendments to the United States Constitution.

## Ground #7: Denial Assistance of Counsel on Appeal

Defendant, Guadalupe Pérez, was denied Assistance of Counsel on Appeal process: As stated in Douglas V. California, 372 U.S. 353, 9 L. Ed. (2d) 811, 83 s.ct. 814 (1963).

"Not only does the right to Counsel protect persons accused of crime prior to trial, it has been expanded to protect the person who has been convicted in the trial court. Where an appeal is granted as a matter of right, it is unconstitutional for the State to refuse to appoint Counsel for indigents."

Appellant has the right to receive effective assistance of Counsel on Appeal Process.

_Evitts V. Lucey,_ 469 U.S. 387, 105 s.ct. 830 (1985).

_Ex Parte Lopez,_ 745 s.w. 2d 29 (Tex. Cr. App. 1988).

In his application for Writ of Habeas Corpus applicant contends that he was denied effective assistance of counsel after his case was remanded to the Court of appeals because his attorney "apparantly withdrew from the case upon receiving notice of reversal," citing _Ayala V. State,_ 633 s.w. 2d 526 (Tex. Cr. App. 1982). Relying on _Polk V. State,_ 676 s.w. 2d 408 (Tex. Cr. App. 1984) applicant argues that he was entitled to assistance of Counsel once this Court remanded the case to the Court of Appeals. Applicant requests that he be granted a new trial or an out-of-time appeal.

In _Ayala, Supra_ at 527, this Court stated the following.

"Specifully [the state]... May not deny indigent defendants the services of Counsel on the First level of appeal from a criminal conviction which it grants as a matter of right. _Douglas V. California,_ 372 U.S. 353, 83 s.ct. 814, 9 L. Ed. 2d 811 (1963). "[W]here the merits of the one and only appeal an indigent has as of right are decided without benefit of Counsel

We think an unconstitutional line has been drawn between rich and poor." Id. at 357, 83 S.ct. 816 (emphasis in original)."

Thus, an indigent defendant has the right to appointed counsel when he appeals the case. In non-death penalty cases, this right applies to appeal to the applicable Court of appeals.

Wu. V. Walnut Equipment Leasing Co. 909 s.w. 2d 273 — 920 s.w. 2d 285.

Petitioner brought writ of habeas corpus seeking Release following his conviction in Kentucky of Trafficking in controlled substances. Following Remanded 645 F. 2d 547. The United States District Court for the Eastern District of Kentucky, Benard T. Moynahan, Jr., Chief Judge, granted the writ and the State Appealed. The Court of Appeals, 724 F. 2d 560 Affirmed. The State's Petition for Writ of Cetiori was granted. The Supreme Court, Justice Brennon held criminal defendants are entitled to effective assistance of counsel on First Appeal as of Right. Keith E. Lucey No. 83-1378, Argued Oct. 10 1984, Decided Jan 21 1985 Rehearing Denied March 18, 1985. See 470 U.S. 1065, 105 S.ct. 1783. Ex Parte Jean Matthews, No. 243-93 Court of Criminal Appeals of Texas En Banc    Jan. 12, 1994.

16