Case 1:02-cv-00174  Document 5  Filed in TXSD on 09/03/2002  Page 1 of 8

United States Courts
Southern District of Texas
FILED

SEP 03 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

GUADALUPE PEREZ  
Vs.  
JANIE COCKRELL (Director),  
Texas Department of Criminal Justice

B 02-174

CAUSE NO. CA-C-02-361

Writ of Habeas Corpus 28 U.S.C.A. 2243 Issuance of Writ; Return; Hearing; Decision — Motion To Dismiss The Illegal Sentence.

To The Honorable Judge of Said Court:

Comes Now, Guadalupe Perez, T.D.C.J.# 1007396. In Cause no. 00-CR-524-D (Trial court #), Pursuant to the 1st., 4th., 5th., 6th., 7th., 8th., 13th., and 14th., Amendment to the United States Constitution and would show this Court the following:

## JURISDICTION
### I.

The Appellant is illegaly and unconstitutionally Sentenced and Confined at the Willacy County State Jail Transfer Facility, 1695 South Buffalo Dr., Raymondville, Texas--78580;

1

5.

By the Director, Janie Cockrell, Texas Department of Criminal Justice Division. In violation of Due Process of Law, and the 1st., 4th., 5th., 6th., 7th., 8th., 13th., and 14th., Amendments To The United States Constitution. See, Mancuso V. State, 919 S.W. 2d 86 — 903 S.W. 2d 386; Ex Parte Hodges, 921 S.W. 2d 239 (Tex. Cr. App. 1996); Heath V. State, 817 S.W. 2d 335 (Tex. Cr. App. 1991)

## II.

Jurisdiction and Grounds of Error to Dismiss The Illegal Sentence Texas Penal Code 49.07

1.) Appeal Brief Texas Rules of Appellate Procedure Rules 44.2
2.) (See) Mancuso V. State, 903 S.W. 2d 386 — 919 S.W. 2d 86 (Cr. App. Tx. 1995); Ex Parte Hodges, 921 S.W. 2d 239 (Tex. Cr. App. 1996); Heath V. State, 817 S.W. 2d 335 (Tex. Cr. App. 1991).
3.) Pursuant to the 14th. Amendment To The U.S. Constitution and Due Process of Law and Equal Protection of Law. The Appellant's Appeal Process is unconstitutional, Sones V. Hargett, 61 F. 3d 410, 414 (5th. Cir. 1995). The doctrine of exhaustion, Codified as amended at 28 U.S.C. section 2254 (b)(1) and (c), reflects a policy of Federal/State Comity. See: Coleman V. Thompson, 501 U.S. 722 (1991). Those statues provide in pertinent part as follows:

(b)(1) An application for a writ of habeas Corpus on behalf of a person in custody pursuant to the judgment of a

State Court shall not be granted unless it appears that —

(A) the applicant has exhausted the remedies available in the Courts of the state; or

(B)(i) there is an absence of available State corrective process; or

(ii) Circumstances exist that render such process ineffective to protect the rights of the applicant.

(C) An applicant shall not be deemed to have exhausted the remedies available in the Courts of the State within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c), under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the State's highest court before he may bring them to Federal Court. Castile V. Peoples, 489 U.S. 346 (1989); Fisher V. State, 169 F.3d 295, 302

4) The Appellant is unconstitutionally sentence by a unconstitutionally Defective Indictement and Illegally confined at the Willacy State Jail Unit, By the Director, Jaine Cockrell, In

Violation of Due Process and Equal Protection of Law and Cruel and unusual Punishment Pursuant to the 8th. Amendment to the U.S. Constitution (See) Batson V. Kentucky, Supreme Court Reporter Book - 106, page 1712 and Mancuso V. State of Texas, 903 S.W. 2d 386 - 919 S.W. 2d 86 (1994-1995); Ex Parte Hodges, 921 S.W. 2d 239 (Tex.Cr.App. 1996); Heath V. State, 817 S.W. 2d 335 (Tex.Cr.App. 1991).

## MEMORANDUM AND ORDER ON DISMISSAL

### I.

Petitioner, Guadalupe Perez, a state inmate incarcerated in the Willacy State Jail Unit, has filed a petition for Federal Habeas Corpus relief Pursuant to 28 U.S.C. § 2254 to challenge a state court felony conviction, for the reasons that follow:

### II.

Petitioner reports that he was convicted on September 8, 2000, in the 103rd. District Court of Cameron County, Texas of Intoxication Assault - 2 Counts and Enhancement, in Cause No. 00-CR-524-D. Petitioner filed an Appeal in the 13th. Court of Appeals for the State of Texas; 109 Leopard St., Corpus Christi, Texas -- 78401. State Court records indicate that the Appeal was denied on 25th. day of October, 2001.

4

## III.

Petitioner filed Petition For Discretionary Review, Rule 50 T.R.A.P., On December 28, 2001, and on March 6, 2002, It was Refused.

## IV.

Petitioner also indicates that he has filed a State application for Writ of habeas Corpus, in the Court of Criminal Appeals, Austin, Texas-- 78711, on the following grounds. (1) Double Jeopardy; (2) Ineffective Counsel; (3) Illegal Sentence; (4) Defective Indictment; (5) Statue of Limitations; (6) Speedy Trial; (7) Denial Assistance of Counsel on Appeal. The state district court's records indicate that he filed a state habeas application on March 4, 2002, and The Texas Court of Criminal Appeals denied the application on May 22, 2002.

## V

Under 28 U.S.C. sec. 2254, a petitioner "must exhaust all available state remedies before he may obtain Federal Habeas Corpus relief." (5th. Cir. 1999). In Texas exhaustion may take one of two parts:
1) the petitioner may file a direct appeal followed, if necessary, by a petition for Discretionary Review in the Texas Court

of Criminal Appeals; or
(2) he may file a petition for writ of habeas corpus under Article 11.07 of The Texas Code of Criminal Procedure, in the convicting court which, if denied, is automatically transmitted to The Texas Court of Criminal Appeals. Myers V. Collins, 919 F.2d 1074 (5th. Cir. 1990).

## PRAYER

WHEREFORE premises considered, Defendant would urge that the Court enter an ORDER recommending that Relief be Granted.

Respectfully Submitted,

Dated: _____

x _Guadalupe Corez_
T.D.C.J.# 1007396
1695 South Buffalo Dr.
Raymondville, Texas --- 78580

## AFFIDAVIT TO PROCEED IN FORMA PAUPERIS

The Appellant certify that he cannot afford to pay any cost to proceed in this Court

and request to proceed in Forma Pauperis.

Dated: _____

x _Guadalupe Cerez_
Appellant

### INMATE'S DECLARATION

The Appellant certify that the foregoing is True and Correct under the Oath and Penalty of Perjury and he cannot afford to hire any Attorney for Representation or any Litigation.

Dated: _____

x _Guadalupe Cerez_
Appellant

### CERTIFICATE OF SERVICE

I hereby certify that on this, the ____ day of _____, A True and Correct Copy of this Motion To Dismiss The Illegal Sentence, Is included in this package to The United States District Clerk For The Southern District of Texas Corpus Christi Division, 1133 North Shoreline, Rm. 208, to distribute

7

to, necessary Courts; Attorneys; Clerks, as per Clerk's duty of the Court.

x _Guadalupe Cerda_
Appellant Pro-Se
T.D.C.J. # 1007396
Willacy State Jail Transfer Facility
1695 South Buffalo Dr.
Raymondville, Texas --
78580
Dated: _____