IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS, BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 5 2002

Michael N. Milby
Clerk of Court

GUADALUPE PEREZ, Petitioner  
    vs.  
JANIE COCKRELL, Respondent

× CAB-02-174  
× Civil Action No. ___  
× C-02-361

PETITION FOR CUSTODY or RELEASE OF
a PRISONER in a HABEAS CORPUS PROCEEDING
Pursuant to Fed. Crim. Code and Rules:
Rule 23(a) and Sec. 2243

To The Honorable Judge of Said Court:
   Comes now, Guadalupe Perez T.D.C.J. # 100 7396. In Trial Court Cause No. 00-CR-524-D, Pursuant to the 1st., 4th., 5th., 6th., 7th., 9th., 13th., and 14th., Amendments to the United States Constitution and would show this Court the following:

### Jurisdiction

   The Applicant is illegaly and unconstitutionally Sentence and Confined at the Willacy County State Jail Facility, 1695 South Buffalo Drive, Raymondville, Texas--- 78580, By the Director, Janie Cockrell, Texas

10-09-02

1

Department of Criminal Justice. In violation of Due Process of Law, and the 1st., 4th., 5th., 6th., 7th., 8th., 13th., and 14th., Amendments to the United States Constitution.

## AFFIDAVIT

Petitioner, <u>Guadalupe Perez</u>, a State Inmate incarcerated in the Willacy State Jail Unit, has filed a petition for Federal Habeas Corpus relief, Pursuant to 28 U.S.C.A. section 2254, to challenge a state court felony conviction in the United States District Court for the Southern District of Texas, Corpus Christi Division.

Petition was filed August 19, 2002, in the United States District Court of Corpus Christi, Texas. The Honorable Judge, Hayden W. Head, Jr. was assigned to the case, No. CA-C-02-361.

On August 9, 2002, Petitioner received an ORDER OF TRANSFER, from the District Court, ordering the Clerk of The United States District Court for the Southern District of Texas, Corpus Christi Division, to Transfer the case, <u>No. CA-C-02-361</u>, to the Clerk of the United States District Court, Southern District of Texas, Brownsville Division, P.O. Box 2299, Brownsville, Texas --- 78522. Because Petitioner's conviction and place of incarceration are located in the Brownsville Division for the Southern

District of Texas. Judge H.W. Head, Jr. signed the Order of Transfer on August 4, 2002.

Petitioner is incarcerated at Willacy State Jail, which is a Transfer Facility and Petitioner's Date of Transfer from this Facility is nearing, which is sometime in this month of October. The two years of Transit will be completed on October 30, 2002, which is the date Petitioner arrived at Garza West, T.D.C.J.-I.D. in 2000.

Petitioner is petitioning The United States District Court, Brownsville Division, Pursuant to Rule 23(a) Transfer of Custody Pending Review and Section 2243 Issuance of Writ; Return; Hearing; Decision. Because petitioner's Date of being Transfer from the Willacy State Jail Facility will be up by October 30, 2002. Thus makeing petitioner's Time and efforts in this case much harder, Since case will have to be Transfered again to another Division of the District prolonging the action and decision of said case.

<u>Rule 23(a)</u>: <u>Transfer of Custody Pending Review.</u>

Pending review of a decision in a habeas corpus proceeding commenced befor a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody (of the prisoner) to another unless a transfer is

directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitue the successor custodian as a party

Sec. 2243 - Issuance of Writ; Return; Hearing; Decision.

A. Court, justice or judge entertaining an application for a writ of habeas corpus shall forwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the aplicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and

the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of Court, before or after being filed.

The Court shall summarily hear and determine the facts, and dispose of the matter as law and justice require

(June 25, 1945, c.646, 62 Stat. 965.)

"It has been suggested that an answer should be required in every habeas proceeding, taking into account the usual petitioner's lack of legal expertise and the important functions served by the return." See Developments in the Law — Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1178 (1970).

### PRAYER

Wherefore Premises Considered, Petitioner prays that the Honorable Court grant him this petition and the relief to which he may be entitled.

Respectfully Submitted,
Guadalupe Cortez
T.D.C.J.# 1007396
1695 South Buffalo Dr.
Raymondville, Texas -- 78580

5

Cause No. C-02-361

## AFFIDAVIT TO PROCEED IN FORMA PAUPERIS

The Appellant certifies that he cannot afford to pay any cost to proceed in this Court and request to proceed in FORMA PAUPERIS.

Dated: 10-09-02

*Guadalupe (Cerg)*
Affidavitiant

## INMATE'S DECLARATION

The Appellant certifies that the foregoing is True and Correct, under Oath and Penalty of perjury and he cannot afford to hire any Attorney for Representation or any Litigation.

Dated: 10-09-02

*Guadalupe (Cerg)*
Petitioner Pro-Se

## CERTIFICATE OF SERVICE

I, hereby certify that on this, the 9th day of October, 2002; A True and Correct Copy of this Petition For Custody or Release of a Prisoner in a Habeas Corpus Proceeding, Is

6

Cause No. C-02-361

included in this package to the <u>Clerk of the United States District Court; Southern District of Texas, Brownsville Division</u>; <u>600 East Harrison St./First Floor, Brownsville, Texas --- 78520</u>. To Distribute to Necessary Courts, Attorneys, Clerks as per Clerk's duty of the Court.

Dated: 10-09-02

_Guadalupe Cerq_
Petitioner
T.D.C.J. # <u>1007396</u>
<u>1695 South Buffalo Dr.</u>
<u>Raymondville, Texas --- 78580</u>

<u>Willacy State Jail, Unit</u>

7