IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *GUADALUPE PEREZ,* | § | |
|     Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION B-02-174 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION,* | § | |
|     Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION TO DISMISS
FOR FAILURE TO EXHAUST STATE COURT
REMEDIES WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division ("the Director"), by and through her attorney, the Attorney General of Texas, and files this her Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support.

**I.**

**JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies every allegation of fact made by Petitioner ("Perez"), except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Perez pursuant to a judgment and sentence of the 103rd District Court of Cameron County, Texas in cause number 00-CR-524-D. *Ex parte Perez,* Application No. 10,450-02, at 39-42. Perez pleaded guilty to two counts of intoxicated assault and pleaded true to an enhancement as a habitual offender, on September 11, 2000. *Id.* Perez was found guilty and the court assessed punishment of imprisonment for fourteen years. *Id.* Although Perez tried to appeal his conviction to the Thirteenth Court of Appeals, because the notice of appeal was untimely filed, the appellate court was forced to dismiss for lack of jurisdiction. *Perez v. State,* No. 13-01-525-CR (Tex. App.–Corpus Christi, 2001, pet. ref'd); *see also Ex parte Perez,* Application No. 10,450-02, at 44-45. The Texas Court of Criminal Appeals refused Perez's petition for discretionary review on March 6, 2002. *See* Texas Court of Criminal Appeals Case Summary Sheet, attached as "Exhibit A." However, before the court disposed of Perez's petition he filed a state writ application on January 30, 2002. *Ex parte Perez,* Application No. 10,450-02, at 1.[1] Therefore, the court dismissed his state writ petition because his direct appeal was still pending. *Id.* at cover.

## IV.

## STATE COURT RECORDS

Copies of Perez's state habeas corpus applications and direct appeal proceedings will be forwarded to this court under separate cover. A copy of the Texas Court of Criminal Appeals Case Summary Sheet is attached as "Exhibit A."

---

[1] Perez's first state writ application was challenging a different conviction and the writ was granted.

## V.

## PETITIONER'S ALLEGATIONS

The Director believes that Perez is claiming that:

1. He was tried in violation of the prohibitions against double jeopardy.

2. He was denied effective assistance of counsel.

3. His sentence is illegal.

4. The indictment was invalid and defective.

5. The state violated the statute of limitations.

6. Perez's right to a speedy trial was violated.

7. He was denied effective assistance of appellate counsel.

## VI.

## RESPONDENT'S MOTION TO DISMISS
## FOR FAILURE TO EXHAUST STATE COURT REMEDIES

Perez has not sufficiently exhausted his state court remedies as required by 28 U.S.C. § 2254(b), (c) because although he filed a petition for discretionary review and an application for state writ of habeas corpus, neither one were properly filed. Therefore, Perez's application for habeas corpus relief must be dismissed for failure to exhaust state court remedies. Under 28 U.S.C. § 2254 (b)(1), a state prisoner's application for a federal writ of habeas corpus "shall not be granted unless it appears that- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1) (West 2001).

The exhaustion doctrine requires that the state courts be given the initial opportunity to

address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples,* 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989); *Anderson v. Harless,* 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982). In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied,* 460 U.S. 1056, 103 S. Ct. 1508 (1983). The Texas Court of Criminal Appeals is the highest court in the state, for purposes of exhaustion. *Richardson,* 762 F.2d at 431.

Moreover, all of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). In other words, in order for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id.* at 275-77, 92 S. Ct. at 512-13. In addition, if one or more of the petitioner's claims is exhausted and one or more of the claims is unexhausted, it is a "mixed" petition and the entire petition must be dismissed for failure to exhaust state court remedies. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 1205 (1982); *see also Jones v. Estelle,* 722 F.2d 159, 168 (5th Cir. 1983) ("*Lundy* made plain that assertion of the unexhausted claims necessitates dismissal of the mixed petition") (italics added), *cert. denied,* 466 U.S. 976, 104 S. Ct. 2356 (1984).

Furthermore, in order to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a *procedurally correct manner*. *Castille,* 489 U.S. at 351, 109 S. Ct. at 1060. In other words, a habeas applicant must give the state courts a fair opportunity to review his claims, that is, in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Id.*

As stated above, Perez must exhaust all of his habeas corpus claims in state court before he can request relief in federal court. However, Perez did not present his claims in a procedurally correct manner. As demonstrated by the appellate opinion, the appellate court did not have jurisdiction to consider Perez's claims and consequently Perez's petition for discretionary review was not effective in exhausting his claims. *Perez v. State,* No. 13-01-525-CR (Tex. App.–Corpus Christi, 2001, pet. ref'd); *see also Ex parte Perez,* Application No. 10,450-02, at 44-45. Moreover, the Texas Court of Criminal Appeals had to dismiss Perez's state habeas application for procedural reasons as well. *Ex parte Perez,* Application No. 10,450-02, at cover; *see Ex parte Torres,* 943 S.W.2d 469, 472 (Tex.1997) ("a 'dismissal' means that we [Texas Court of Criminal Appeals] declined to consider the claim for reasons unrelated to the claim's merits."). Therefore, by filing this federal writ of habeas corpus, Perez has bypassed the state courts and attempted to present original claims to the federal courts before the state court has had the opportunity to rule on the merits of his claims. Perez has prevented the state courts from ruling on, and if necessary correcting, any constitutional errors that might have occurred in this case. *See Castille,* 489 U.S. at 349, 109 S. Ct. at 1059

Finally, Perez's failure to present his claims to the state court does not result from either an "absence of State corrective procedures" or state procedures that are "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). State habeas corpus proceedings have been, and will remain, available to Perez and provide him the opportunity to litigate his contention that he is in custody as a result of constitutional violations. Consequently, the instant petition must be dismissed to give Texas Court of Criminal Appeals an opportunity to rule on Perez's claims.

## VI.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests Perez's petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

DON J. CLEMMER
Acting Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Lead Counsel

ELLEN STEWART-KLEIN
Assistant Attorney General
State Bar No. 24028011
Southern District Bar No. 27861

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Guadalupe Perez, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

ELLEN STEWART-KLEIN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Ellen Stewart-Klein, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 13th day of December, 2002, addressed to:

Guadalupe Perez
TDCJ-ID# 1007396
Byrd Unit
P.O. Box 100
Huntsville, TX 77340

ELLEN STEWART-KLEIN
Assistant Attorney General

# EXHIBIT A

Case 1:02-cv-00174  Document 11  Filed in TXSD on 12/19/2002  Page 8 of 9

 

# COURT OF CRIMINAL APPEALS
# Case Summary

This record was last modified by the court on: 3/27/2002

### Home

**PDR/Case Number:** 01-2280
**Date Filed:** 1/30/2002
**Style:** v. PEREZ, GUADALUPE

| | | | |
|---|---|---|---|
| **Case Type:** | INTOXICATION ASSAULT | | |
| **County:** | CAMERON | **Appellate Process:** | PDR FILED - PRO SE |
| **Trial Court:** | 103RD DISTRICT COURT | **Date Filed:** | 1/30/2002 |
| | | **Date Disposed:** | 3/6/2002 |
| **Trial Court Case Number:** | 00-CR-524-D | **Date Mandate Issued:** | |
| **Court of Appeals Case:** | 13-01-00525-CR | | |

| | | | |
|---|---|---|---|
| **Calendar:** | CASE STORED | **Disposition Info** | |
| **Date Set:** | 3/28/2002 | **Proceedings:** | |
| **Reason Set:** | APPEAL RECORD HAS BEEN RETURNED TO THE COA | **Event:** | PDR DISPOSITION |
| | | **Description:** | PRO SE |
| | | **Disposition:** | REFUSED |

Return to the Texas Judiciary Online