IN THE UNITED STATES DISTRICT COURTS
for THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

JAN 0 9 2003

Michael N. Milby
Clerk of Court

Guadalupe Perez
           Petitioner

v.                                    Civil Action B-02-174

Janie Cockrell - Director
     TDCJ - Respondent


Petitioner's Rebuttal to Respondent's
Motion to Dismiss Cause

To The Honorable Magistrate Felix Recio,

Comes, Now, Guadulupe Perez, Et Arcta, Et Salva Custodia via TDCJ-ID and acting in a Pro-Propensia Capacity in the above numbered and styled cause and files this, his Rebuttal to Respondent's allegations & Rationale as presented in their submission of Motion for Dismissal as per 13th Day of December 2002 and not received by Petitioner until the 21st day of December 2002, a full 8 days later, and in support of his rebuttal would, in all earnestness and virtue, offer the Honorable Court the following:

I.
Jurisdiction

The petitioner submits that he has never argued the fact of Jurisdiction as he is confident of such within the parameters of U.S.C. 2241 and 2254.

II.
Denial

The Petitioner submits that all allegations made are Erroneous and False to the Point of Perjury of State's defense Counsel.

## III.
### Timely Arguments

The Petitioner submits that with his Access to Courts via Director's implementation of Closure of Law Library in excess of day's for Federal/State Holidays, The excessive amount of mail for the time of year, hence the late receipt of Motion to Dismiss, as well as holding account of Court's Closure for the Holy Holiday season, that this Pleading instrument should be Both accepted and interpreted as a timely filed Pleading.

## IV
### Statement of the Cause and State Court Records

For the most part, Petitioner will concede that statement of facts is true w/ the exception of the fact of which Counsel refers to Cause of the 1st submission. The record should establish that the Original Denial was obfuscated and elongated over a period of months with which chaos & confusion left Petitioner, a laymen of the law, in a stupor and animated state of "litigational limbo." Moreover, the only writ of Habeas Corpus which has been granted as referred to, was a writ filed many years ago in a previous incarceration. I submit to you that the state Court Records are Incorrect. These inconsistencies are not due to their own errors but rather repeated and continuous errors on the part of different and various Court's Clerks with regard to:

## I.
### Clerk's Duties

As A ward of the State of Texas, in the care and Custody and under the illegal restraint of the Respondent, the Petitioner submits that failure on the Director's part to provide up-to-date Rules in their privately owned institutions such as the Willacy State Jail has led the Petitioner to the understanding that:

<u>T.D.C.J.-I.D. OFFENDERS GUIDE and HANDBook of 11:07 Proceedures</u>

Article 11.07 § 3(b) V.A.C.C.P. provides that:
"Upon the receipt of the application certain duties fall upon the Clerks shoulders. The writ must be assigned to the proper court of conviction."

It was not until after Transfer from the Afforementioned Willacy Unit to the Ramsey III (C.T. Terrell) unit that the <u>New Version of</u> same Handbook goes on in the revised text to provide....

"<u>Formerly</u>, this was even so if Applicant filed in the wrong County. If an application was received in a County or court other than that of the conviction, the District Clerk had a duty to transfer the application to the correct county of conviction" Please also see <u>Ex Parte Alexander</u> 861 S.W 2d at page 921

Hence, as the attached letters will indicate, the Clerks of the 13th Court of Appeals as well as Troy Bennett of the <u>Criminal Court of</u> Appeals Return of Application and writs have further hindered the petitioners equal protection and Due process as granted per Constitutional agenda. Moreover and of Paramount importance is the fact that Petitioner submits, Texas Legislature's rescimtion of §1107.3(b) such is, in and of itself, a violation of Petitioners due process and further submits that duty should still lie upon Clerks shoulder under the provision of § ~~(111.3)~~ 11.03 of Texas Code of Criminal Proceedure wherein it provides....

Art. 11.03 - Want of form - "The writ of habeas corpus is not invalid, nor shall it be disobeyed for any want of form, if it is substantially appear <u>that it is issued by competent authority...</u>"

<u>Agumentatively and indicative of The Rules of the Court with relation to Clerk's duty</u>, Petitioner submits the <u>erroneous return</u> of writs by Clerk Bennett and Clerk Wilborn do represent

a substantial due process violation in said cause.

Inasmuch, Aurowa De La Garza, the Honorable Clerk of Cameron County Texas is guilty of Breach of duties which have altered the course of this cause most clearly. The Petitioner has submitted the Petition time and again yet, all submissions hold the <u>exact</u> same cause number. Hence the Confusion as represented by the Court of Criminal Appeals Records. Texas Rules of the Court-State reflect the duties of the Clerk as such....

<u>Rule 23</u> <u>Suits to be numbered Consecutively</u> "It shall be the <u>duty</u> of the clerk to designate the suits by regular the consecutive numbers, called file numbers, and he/she shall mark on each paper in every case the file number of the cause."

Please also see Rules 24 & 25 with regards to filing duties of the Clerk which were not and have not been properly performed.

Argumentatively, unless the instrument is so entitled "Amendment" with regard to a previous filing, it should be or have been marked with a consecutive number and thus equate seperate filings — yet, to date, the numerous filings of Applications and Petition All Carry the number 00-CR-524-<u>D</u>. The seperate filings should have the same number save for the <u>last Alphabetical number</u>. — Successive applications should have read E, F, G, ... etc. Hence, Many filings are construed as 1(one) filing. This constitutes <u>Error</u> on the behalf of the clerk as that the Petitioner has NO Control over such erroneous duties. Nevertheless, the Courts have permission as far as:

<u>VI</u>
<u>Construction</u>

Petitioner would submit that his individual filings should have all been acceptable to the Courts, were such and that erroneous dis-missals have prejudiced the case at bar and caused the

- 4 -

Great & Irreparable Harm, to wit; he is in danger of being forced from the Courts and his pursuit of Justice on Grounds that are beyond his control. The States Errors are Not his errors and should Not prejudice his filings because of the provisions of Article 11.04 of the Texas Code of Criminal Procedures where in it has been provided...

 Art. 11.04 - Construction - "Every Provision relating to the writ of habeas corpus shall be favorably construed in order to give the effect to the remedy, and protect the rights of the person seeking the relief under it."

Moreover, coupling that with the provisions as provided by the United States Supreme Court in HAINES v KERNER 92 S.Ct at 594 wherein the Court's held that the allegations of a pro-se petitioner are to be held to a less stringent standard than those formal Pleadings as drafted by lawyers and those trained & knowledgeable in the science of Jurisprudence, all submissions were applicable and Hence, any argument upon the state's part alleging that they were Not afforded remedial process is completely False and Erroneous. Inasmuch, such applications of construction, of both the P.D.R. as well as multiple filings of the Application & Memorandum Brief's in Support for Writ of 11.07 Habeas Corpus, would Render Defense Counsel argumentations of page 3 w/ regard to proper filings both erroneous and moot in basic submission.

Magistrate Recio, Honestly, I am quite sure that you are able to see that I have been diligent in my pursuit of this cause. Now, the State's Counsel, schooled & trained in Jurisprudence alleges they have Not been afforded proper process. Their Dismissals of both P.D.R and multiple 11.07 filings has afforded them proper Remedy.

-5-

Only now, after having had run the "States Gauntlet" of "Pseudo-Remedial practices", and having been denied justice on all levels of exhaustion on the State's level, did I submit to Your Honorable Court, seeking to have the TEXAS' version of Lady Liberty's blindfold removed. While the States counsel submits 1980's case law I submit I am well versed on the Provisions of Exhaustion of Remedies as per O'Sullivan v Boerkel 119 S.Ct 1728, Hodges v McGinnis - 1 Fed App. 1 at 381, Edwards v Carpenter 120 S.Ct 1587, Marpin v Smith 785 F 2d 138 and Coleman v Thompson 111 S.Ct 2546. If we are going to cite case law, let's at least cite recent case law. Okay? Moreover I submit that the principles of Comity and respect with regard to the decorum of the Court as well as federal principles underlying the doctrine of exhaustion of States Remedies have been indicative in each submission to the Courts and NOW I CLAIM my Constitutional rights to proceed in Federal Courts to end this Travesty of Justice perpetrated upon myself in the Texas Courts. State measures have availed me Nothing!

Finally w/ regard to Construction, I submit to your court that I have sought relief in Federal Court due NOT to the facts of "absence of State's Corrective measures/procedures" or procedures that are "ineffective to protect the rights of the applicant", But because of serious Misfeasance, Malfeasance & Nonfeasance of the officers of the Court on State level and the Director's implementation of malfeasance w/ regard to my equal access to Court. Hence the aforementioned Travesty, orchestrated & utilized in the case at Bar has effectively and continously ABROGATED or CIRCUMVENTED my due process & equal protection Rights. The State of Texas was availed every opportunity, yet failed to provide the Remedy, partial or whole, which has been sought. Furthermore the Petitioner wishes to present argumentation about:

## VII

### Mixed Petitions

While in a brilliant defensive move, Counsel for defense tries to deter the course of justice w/ a "Mixed Brief claim" citing <u>Rose v Lundy</u> 102 S.Ct 1198. As per the previous section and upon a thourough investigation of my writs, the Court will find that any/all allegations present in the 2254 Writ of Habeas Corpus has, at one time or another been presented to the State Courts. My Ineffective Assistance Claim covers all parts of which I had no control over. I.A.C. that has caused the HARM for which I now suffer. There is no truth or plausibility to such claims of A mixed brief. I wholeheartedly submit that I am a "Laymen of the Law". Yet, I have been consistent and diligent in presenting the same arguments time and again. There is NO "Mixed Petition Issue" here. Only the facts. The State of Texas has Denied my claims to Relief time + again. As a result and in close I offer the Honorable Court this, my:

### PRAYER

Ideo Consideratum Est, Ad Prodefectu Justistiac, Petitioner prays the Court, Pro Falso Clamore Suo, DENY the request of the Counsel for Defense And to Rule or Recommend Rulings in this cause which are to be found Consistent with the Great Writ's Ability and to provide the Remedy for Justice which has been sought in said cause, further. Granting any and all additional relief it may deem just and necessary in the Pursuit of Justice in this cause.

With All Respect

*Guadalupe Perez*

## UNSWORN DECLARATION

I, _Guadalupe Perez_, I.D. # _1007396_ being presently incarcerated in the C.T. Terrell Unit of the Texas Department of Criminal Justice - Institutional Division do declare under penalty of perjury that the foregoing document _Rebuttal of Motion to Dismiss_ is both, true and correct to the best of my knowledge.

Executed on this _4th_ DAY OF _January_ of 2003.

_Guadalupe Perez_
Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on this the _4th_ day of _January_, 2003, a true and correct copy of the above and foregoing _Rebuttal to Response_ was forwarded to the Office of _Ellen Stewart Klein - Counsel for Defense_ in the T.A.G. office Judicial District Court at _P.O. Box 12548_ County.

_Guadalupe Perez_
Petitioner

*received 10-03-02 (3:20)*



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK

CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

October 1, 2002

Guadalupe Perez
TDCJ-ID# 1007396
Willacy State Jail
1695 South Buffalo Drive
Raymondville, TX 78580

RE:   CAUSE NO. 00-CR-524-D

     THE STATE OF TEXAS
     VS.
     GUADALUPE PEREZ

*This alone constituted a change of consecutive numbers*

IN RE:   SECOND PETITION FOR WRIT OF HABEAS CORPUS
            FILED 10/1/02

Dear Mr. Perez:

This is to acknowledge receipt of the above captioned SECOND PETITION FOR WRIT OF HABEAS CORPUS. The State is afforded fifteen (15) days from the day they receive notice of filing, in which it may order a hearing.

If no order has been entered within thirty-five (35) days from the filing date, the petition will be forwarded to the Court of Criminal Appeals, for their consideration.

All further correspondence should indicate the above cause number.

Sincerely,

*Brenda M Garcia*

Brenda M. Garcia, Deputy

CC:

File

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|---|---|---|---|---|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |