UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 2 1 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| GUADALUPE PEREZ, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-02-174 |
| JANIE COCKRELL, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Guadalupe Perez has filed a timely 28 U.S.C. Section 2254 petition for a writ of habeas corpus. Respondent Cockrell has filed a "Motion to Dismiss For Failure to Exhaust State Court Remedies" (Doc. # 11). For the following reasons, Petitioner's writ should be DISMISSED WITHOUT PREJUDICE, and Respondent's Motion to Dismiss (Doc. # 11) should be GRANTED.

## BACKGROUND

The Director of the Texas Department of Criminal Justice, Institutional Division, has lawful custody of Petitioner Perez pursuant to a judgment and sentence of the 103rd District Court of Cameron County, Texas, in Cause Number 00-CR-524-D.[1] Perez pleaded guilty to two counts of intoxicated assault and pleaded true to an enhancement as a habitual offender, on September 11, 2000.[2] Perez was found guilty and the court assessed punishment of imprisonment for

---

[1] Ex parte Perez, Application No. 10,450-02 at 39-42.

[2] Id.

1

fourteen years.³ Perez attempted to appeal his conviction to the Thirteenth Court of Appeals, but the appellate court dismissed his case for lack of jurisdiction due to the fact that Perez's notice of appeal was untimely filed.⁴ The Texas Court of Criminal Appeals refused Perez's petition for discretionary review on March 6, 2002.⁵ However, before the court disposed of Perez's petition he filed a state writ application on January 30, 2002.⁶ Therefore, the court dismissed his state writ petition because his direct appeal was still pending.⁷

## ALLEGATIONS

Petitioner Perez brings the following claims:

1) He was denied effective assistance of counsel at trial;

2) He was tried in violation of the prohibitions against double jeopardy;

3) His sentence is illegal;

4) The indictment was invalid and defective;

5) The state violated the statute of limitations;

6) Perez's right to a speedy trial was violated; and

7) He was denied effective assistance of counsel on appeal.

---

³ Id.

⁴ See Perez v. State, No. 13-01-525-CR (Tex. App.– Corpus Christi, 2001, pet. ref'd). See also Ex parte Perez, Application No. 10,450-02 at 44-45.

⁵ See Doc. # 11, Exhibit A.

⁶ Ex parte Perez, Application No. 10,450-02 at 1.

⁷ Id. at cover.

## ANALYSIS

Petitioner Perez has not sufficiently exhausted his state court remedies as required by 28 U.S.C. § 2254(b), (c) because although he filed a petition for discretionary review with the highest court in Texas, and an application for state writ of habeas corpus, neither one were properly filed. Therefore, Perez's application for habeas corpus relief must be dismissed for failure to exhaust state court remedies. Under 28 U.S.C. § 2254(b)(1), a state prisoner's application for a federal writ of habeas corpus "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the state; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."[8]

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights.[9] In order to satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review.[10] The Texas Court of Criminal Appeals is the highest court in the state for purposes of exhaustion.[11]

---

[8] 28 U.S.C. § 2254(b)(1).

[9] See Castille v. Peoples, 489 U.S. 346, 349 (1989); Anderson v. Harless, 459 U.S. 4, 6 (1982).

[10] See Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied 460 U.S. 1056 (1983).

[11] See Richardson, 762 F.2d at 431.

Moreover, all of the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts.[12] In other words, in order for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his federal court assertions.[13]

Furthermore, in order to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner.[14] A habeas applicant must give the state courts a fair opportunity to review his claims, that is, in a procedural context in which the state courts will be certain to review his claims solely on their merits.[15]

In this case, Perez did not present his claims in a procedurally correct manner. As demonstrated by the appellate opinion, the Thirteenth Court of Appeals did not have jurisdiction to consider Petitioner's claims and consequently Perez's petition for discretionary review was not effective in exhausting his claims. Moreover, the Texas Court of Criminal Appeals was forced to dismiss Perez's state habeas application for procedural reasons as well.[16] By filing this federal writ of habeas corpus, Perez has bypassed the state courts and attempted to present original

---

[12] See Picard v. Connor, 404 U.S. 270, 275 (1971).

[13] Id. at 275-77.

[14] See Castille, 489 U.S. at 351.

[15] Id.

[16] Ex parte Perez, Application No. 10,450-02 at cover. See also Ex parte Torres, 943 S.W.2d 469, 472 (Tex. 1997) (noting that "a 'dismissal' means that we [Texas Court of Criminal Appeals] declined to consider the claim for reasons unrelated to the claim's merits").

4

claims to the federal courts before the state court has had the opportunity to rule on the merits of his claims. Perez has prevented the state court from ruling on, and if necessary correcting, any constitutional errors that might have occurred in this case.[17]

Finally, Perez's failure to present his claims to the state court does not result from either an "absence of State corrective procedures" or state procedures that are "ineffective to protect the rights of the applicant."[18] State habeas corpus proceedings have been, and will remain, available to Perez and provide him the opportunity to litigate his contention that he is in custody as a result of constitutional violations. Consequently, the instant petition must be dismissed to give the state court an opportunity to rule on Perez's claims.

## RECOMMENDATION

For the above mentioned reasons, Respondents' Motion to Dismiss (Doc. # 11) should be GRANTED, and this case should be DISMISSED WITHOUT PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[17] See Castille, 489 U.S. at 349.

[18] 28 U.S.C. § 2254(b).

a failure to object.[19]

DONE at Brownsville, Texas this 17th day of January, 2003.

*Felix Recio*
Felix Recio
United States Magistrate Judge

---

[19] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUADALUPE PEREZ, <br> Petitioner, <br><br> v. <br><br> JANIE COCKRELL, DIRECTOR, <br> TEXAS DEPARTMENT OF CRIMINAL <br> JUSTICE, INSTITUTIONAL DIVISION, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. B-02-174 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Defendants' Motion to Dismiss (Doc. # 11) is hereby GRANTED, and this case is hereby DISMISSED WITHOUT PREJUDICE.

DONE in Brownsville, Texas on this _____ day of _____, 2003.

_____
Hilda G. Tagle
United States District Judge