UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| GUADALUPE PEREZ, <br> Petitioner, <br><br> v. <br><br> JANIE COCKRELL, DIRECTOR, <br> TEXAS DEPARTMENT OF CRIMINAL <br> JUSTICE, INSTITUTIONAL DIVISION, <br> Respondent. | § § § § § § § § § § | CIVIL ACTION NO. B-02-174 |

### ORDER

Before the Court is Petitioner Guadalupe Perez's Notice of Appeal (Doc. # 17). This Court will construe said motion as an Application for a Certificate Appealability. For the following reasons, Perez's Application for a Certificate of Appealability should be DENIED.

### BACKGROUND

The Director of the Texas Department of Criminal Justice, Institutional Division, has lawful custody of Petitioner Perez pursuant to a judgment and sentence of the 103rd District Court of Cameron County, Texas, in Cause Number 00-CR-524-D.[1] Perez pleaded guilty to two counts of intoxicated assault and pleaded true to an enhancement as a habitual offender, on September 11, 2000.[2] Perez was found guilty and the court assessed punishment of imprisonment for fourteen years.[3] Perez attempted to appeal his conviction to the Thirteenth Court of Appeals, but the appellate court dismissed his case for lack of jurisdiction due to the fact that Perez's notice of

---

[1] Ex parte Perez, Application No. 10,450-02 at 39-42.

[2] Id.

[3] Id.

appeal was untimely filed.[4] The Texas Court of Criminal Appeals refused Perez's petition for discretionary review on March 6, 2002.[5] However, before the court disposed of Perez's petition he filed a state writ application on January 30, 2002.[6] Therefore, the court dismissed his state writ petition because his direct appeal was still pending.[7]

Petitioner filed a timely 28 U.S.C. Section 2254 petition for a writ of habeas corpus. The Magistrate Judge filed a Report and Recommendation on January 21, 2003, which recommended that Petitioner's writ be dismissed without prejudice (Doc. # 14). The District Judge adopted the Report on February 13, 2003 (Doc. # 16).

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") converted the "Certificate of Probable Cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[8] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.[9] Under the AEDPA,

---

[4] See Perez v. State, No. 13-01-525-CR (Tex. App.– Corpus Christi, 2001, pet. ref'd). See also Ex parte Perez, Application No. 10,450-02 at 44-45.

[5] See Doc. # 11, Exhibit A.

[6] Ex parte Perez, Application No. 10,450-02 at 1.

[7] Id. at cover.

[8] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

[9] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson,

to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[10] Under the AEDPA, appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.[11] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[12]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[13] To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[14] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[15]

---

523 U.S. 1041 (1998).

[10] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

[11] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[12] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[13] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

[14] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[15] Alexander v. Johnson, 211 F.3d at 898.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[16] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[17]

Petitioner Perez can not make a substantial showing of a denial of a constitutional right. Further, Perez can not show that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2254 petition differently. Petitioner makes an argument that he has successfully exhausted his state court claims. However, Petitioner can not prove that he went through the proper procedure in exhausting his state remedies. Nonetheless, Petitioner's claims do not rise to a constitutional level. Therefore, these proceedings should not proceed and Petitioner Perez's Application for a Certificate of Appealability should be DENIED.

---

[16] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

[17] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

In sum, the Petitioner's Application for a Certificate of Appealability is hereby **DENIED**, and the United States District Clerk is hereby ORDERED to close this case.

DONE in Brownsville, Texas on this ___ day of _____, 2003.

_____
Hilda G. Tagle
United States District Judge